## DEMPSEY v. ANGELETTE

---

(January 27, 1930.   Opinion and Decree.)

---

·Geo. J. Untereiner, of New Orleans, attorney for plaintiff, appellee.

Claude Johnson, of New Orleans, attorney for defendant, appellant.

HIGGINS, J.   This is a suit for $205, representing professional services 'alleged to have been rendered between the dates of January 2, 1927, and April 9, 1927.. Defendant admitted an indebtedness of $60, but denied liability for the remaining $145. There was judgment in favor of the plaintiff for the full amount and defendant has appealed.

The record shows that plaintiff is a duly licensed and practicing physician in the city ·of New Orleans and had treated defendant and his family for a number of years.   Defendant's wife became ill and defendant engaged plaintiff in his professional capacity to treat his wife.   It appears that she did not respond to the treatment administered, with the result that in the early part of January, 1927, defendant requested plaintiff to obtain the services of another doctor.   As the patient was suffering from nausea and vomiting spells, a ·stomach specialist, Dr. Levin, was called in, and after a consultation between the doctors the patient was removed to the Touro Infirmary on January 1, 1927, and discharged on January 18, 1927.   The stomach specialist determined that the patient was not suffering from stomach trouble, but from a goiter.

The plaintiff testified that he continued to render services to the patient while she was in the hospital and thereafter.   Upon defendant's request, plaintiff called in Dr. Leman, who, after an examination, recommended Dr. Maes, a surgeon who specialized in operations for goiter.   The patient was again admitted to Touro Infirmary on March 18, 1927, and, after an operation for goiter by Dr. Maes, was discharged on April 8, 1927.   The plaintiff suggested the name of the doctors who were called in on both occasions.

The plaintiff annexed to his petition an

itemized statement showing the dates and places of treatment during the period in question and testified to the correctness of the statement.

Defendant and his wife both denied the accuracy of the statement in some respects and particularly in that plaintiff had not treated the patient during the periods of time that she was in the Touro Infirmary on both occasions.

Defendant contends that plaintiff did not regularly call at the hospital to visit his wife, and that when plaintiff did call, defendant was under the impression that it was merely a friendly visit; and that, as the specialist in both instances directed and administered all of the treatment that the patient received, defendant was not responsible to plaintiff for any visits that he might have made, especially as defendant considered that plaintiff had turned the case over to the specialist on the occasions in question.

Plaintiff placed two doctors on the stand, one of whom testified that it was the custom for the family physician to continue his services, unless discharged. The other one testified that it was the custom for the family physician to continue his services if the family requested him.

The defendant and his wife admit that they did not discharge Dr. Dempsey, but considered that he had given up the case because, when they first requested that another doctor be called in, the plaintiff left the defendant's home in an angry mood and slammed the door as he left. But it appears that plaintiff did continue his services and, while he might not have been solely in charge of the case, he cooperated with the specialists in treating the patient. The defendant at no time objected to plaintiff rendering these services, and if he considered that plaintiff was not any longer in the case, it was his duty to so inform him. It is too late to complain after receiving the benefit of plaintiff's services.

The judge, a quo, who heard and saw the witnesses, felt that the plaintiff had proved his case by a preponderance of the evidence, and we find nothing in the record which would justify us in saying that he was manifestly in error.

For the reasons assigned the judgment is affirmed.

JANVIER, J., takes no part.